Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| JENNIFER COLLAZO RIVERA *Recurrida* v. MAPRE PRAICO INSURANCE COMPANY Y OTROS *Peticionaria* | TA2025CE00130 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan Caso Núm.: SJ2024CV10446 Sala: 808 Sobre: Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, la Jueza Santiago Calderón y la Jueza Díaz Rivera[1]

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 3 de septiembre de 2025.

Comparece ante nos, Mapfre Praico Insurance Company (Mapfre o peticionaria), como aseguradora del Municipio Autónomo de San Juan, y nos solicita la revisión de la *Sentencia Parcial*[2], emitida el 8 de mayo de 2025[3] por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro recurrido). Mediante el referido dictamen, el TPI declaró *No Ha Lugar* la *Moción Reiterando Solicitud de Desestimación y/o de Sentencia Sumaria*[4] presentada por la peticionaria.

Por los fundamentos que exponemos a continuación, **denegamos** la expedición del auto de *Certiorari*.

### I.

El 11 de noviembre de 2024, la señora Jennifer Collazo Rivera (señora Collazo Rivera o recurrida) instó una *Demanda*[5] de daños y

---

[1] Mediante la Orden Administrativa OATA-2025-163 del 25 de agosto de 2025, se designó a la Hon. Karilyn M. Díaz Rivera en sustitución del Hon. Nery E. Adames Soto.

[2] Apéndice 51 del recurso de *Certiorari*.

[3] Notificada el 9 de mayo de 2025.

[4] Apéndice 35 del recurso de *Certiorari*.

[5] Apéndice 1 del recurso de *Certiorari*.

perjuicios en contra de la peticionaria por motivo de una alegada caída ocurrida el 21 de enero de 2024. En la misma, la recurrida alegó que la caída ocurrió cuando regresaba de las fiestas de la calle San Sebastián e iba a recoger su auto que estaba estacionado cerca del Mercantil Plaza. La señora Collazo Rivera explicó que, cuando se encontraba en la acera de la Avenida Juan Ponce de León #61 en San Juan, frente al estacionamiento del edificio Mercantil Plaza Anexo, pisó con su pie derecho un desnivel que había en dicha acera, lo que causó que perdiera el equilibrio y cayera al suelo. Así las cosas, la recurrida incluyó en la *Demanda* al Municipio de San Juan y a su aseguradora, Mapfre. Esto, debido a que alegadamente, el Municipio de San Juan era el propietario, tenía el control y estaba a cargo del mantenimiento, seguridad y buen funcionamiento del lugar donde se accidentó la señora Collazo Rivera.

En respuesta, el 20 de enero de 2025, la peticionaria presentó una *Solicitud de Desestimación y/o Moción de Sentencia Sumaria*[6]. En esta, negaron todos los hechos y la negligencia que se le imputaba en la *Demanda,* toda vez que, la Avenida Juan Ponce de León, la cual incluía sus aceras, era una servidumbre de paso del Departamento de Transportación y Obras Públicas (DTOP) o de la Autoridad de Carreteras (ACT) o del Estado Libre Asociado (ELA). A esos efectos, la peticionaria arguyó que la Avenida Juan Ponce de León no se encontraba bajo la jurisdicción, control y mantenimiento del Municipio de San Juan. El escrito fue presentado junto a unas certificaciones[7] de jurisdicción emitidas por el Municipio de San Juan que acreditaban que el lugar de los hechos, entiéndase la acera de la Avenida Juan Ponce de León, era propiedad del estado, teniendo éste, además de la titularidad, jurisdicción sobre la misma.

---

[6] Apéndice 9 del recurso de *Certiorari.*
[7] *Íd.*, Anejo 1, 2 y 3.

Por tanto, solicitó que la *Demanda* fuera desestimada parcialmente por falta de jurisdicción.

Por su parte, la señora Collazo Rivera sometió su *Oposición a que se dicte Sentencia Sumaria Desestimando la Demanda presentada en contra del Municipio de San Juan y Mapfre Praico*[8]. En la misma, la recurrida expresó que:

> "el ELA y el Departamento de Transportación y Obras Públicas de Puerto Rico (DTOP), presentaron su contestación a la demanda y expresaron que:
>
> > "Se alega afirmativamente que conforme a la Ley 49 de 1917, Ley de Travesías y Aceras de P.R., la PR 25 (Ave. Ponce de León), es Travesía del Municipio de San Juan. El ELA y/o DTOP no es responsable del mantenimiento de la acera donde alegadamente ocurrió el accidente"[9]. (...)

Evaluadas las posiciones de las partes, el 31 de enero de 2025, el TPI emitió y notificó una *Resolución*[10], en la cual dispuso lo siguiente:

> Atendido los escritos titulados "Solicitud de Desestimación y/o Sentencia Sumaria" presentado por la parte codemandada, Municipio de San Juan y su aseguradora Mapfre Praico Insurance Company, el día 20 de enero de 2025 y "Oposición a que se Dicte Sentencia Sumaria Desestimando la Demanda..." presentado por la parte demandante el día 30 de enero de 2025, este Tribunal determina lo siguiente:
>
> Evaluado los escritos presentados por ambas partes y el estado procesal del caso, se dispone que se atenderá la solicitud presentada por la parte codemandada el día 20 de enero de 2025 una vez concluya el descubrimiento de prueba relacionado a la jurisdicción del área donde ocurrieron los hechos alegados en la demanda.
>
> Tiene la codemandada, Municipio de San Juan y su aseguradora Mapfre Praico Insurance Company, **20 días** para presentar contestación a demanda. (Énfasis Provisto).

Luego de varios trámites procesales, el 21 de marzo de 2025, la peticionaria presentó *Moción y en Solicitud de Orden*[11], en la cual

---

[8] Sentencia Sumaria Desestimando la Demanda presentada en contra del Municipio de San Juan y Mapfre Praico; En la alternativa, Solicitud que se nos permita llevar a cabo algún descubrimiento de prueba, a fin de poder ser más preciso (la información que necesita la demandante, la tienen los demandados); Moción Informativa en cuanto a haber remitido un "Primer pliego de interrogatorios..." a cada uno de los demandados. Apéndice 15 del recurso de *Certiorari*.

[9] *Íd.*, pág. 1.

[10] Apéndice 18 del recurso de *Certiorari*.

[11] Apéndice 31 del recurso de *Certiorari*.

solicitó al foro recurrido que emitiera una orden dirigida al DTOP y/o al ELA para que informaran la jurisdicción y control de la Avenida Ponce de León. Ello, con el propósito de no tener en el pleito al Municipio de San Juan y su aseguradora MAPFRE de forma arbitraria, donde ninguno de los dos tenía responsabilidad sobre el lugar de los hechos.

En vista de lo anterior, el 24 de marzo de 2025, el TPI emitió y notificó una *Orden*[12] en la cual le requirió al ELA emitir una certificación sobre jurisdicción, control y mantenimiento del lugar donde ocurrieron los hechos alegados en la *Demanda*. Al día siguiente, el ELA sometió *Moción en Cumplimiento de Orden*[13] y la acompañó con una *Certificación*[14] en la que expuso lo siguiente:

> 2. Que conforme con el **Mapa Oficial de Carreteras Estatales de Puerto Rico, del 1 de marzo de 2024, Área de Programación y Estudios Especiales, Oficina de Sistemas Viales de la Autoridad de Carreteras y Transportación (ACT), la PR-25, (Avenida Ponce de León) en el Municipio de San Juan, es una carretera estatal.**
>
> 3. **Que la PR-25 (Avenida Ponce de León), está bajo la jurisdicción, control y mantenimiento del Departamento de Transportación y Obras Públicas (DTOP).**
>
> 4. Que conforme con la **Ley de Travesías y Aceras de Puerto Rico, Ley 49 de 1917,** el tramo de la acera donde ocurrió el alegado accidente, **es travesía** del **Municipio de San Juan**. (Énfasis Provisto).

Por su lado, el 3 de abril de 2025, la peticionaria presentó *Moción Reiterando Solicitud de Desestimación y/o Sentencia Sumaria*[15]. En esta, reiteró lo argumentado en la moción del 20 de enero de 2025. Asimismo, adujo que, ante la ausencia de una causa de acción contra el Municipio de San Juan, no procedía tampoco que respondiera su aseguradora, MAPFRE, por una reclamación que en derecho era improcedente. El 5 de abril de 2025, la señora Collazo Rivera se opuso a la moción antes mencionada y reiteró que el

---

[12] Apéndice 32 del recurso de *Certiorari*.
[13] Apéndice 33 del recurso de *Certiorari*.
[14] *Íd.*, Anejo *Certificación*.
[15] Apéndice 35 del recurso de *Certiorari*.

responsable del mantenimiento del área donde se accidentó era el Municipio de San Juan[16].

El 22 de abril de 2025, el ELA sometió su *Oposición a Solicitud de Desestimación*[17], en la cual argumentó lo siguiente:

(...)

En virtud de la Ley de Travesías el MSJ tenía el deber de mantenimiento de la acera de la PR25, Ave. Ponce de León. El ELA no tiene el deber de mantenimiento del lugar donde ocurre el accidente. Al ser la causa próxima del accidente la alegada falta de mantenimiento de la acera en cuestión, el ELA no es responsable de los daños.

La Ley de Travesías **confiere a los municipios el deber de brindar mantenimiento a las aceras paralelas de carreteras estatales**, mientras que el Art. 1.053(g) del Código Municipal, supra, otorga inmunidad a los municipios por accidentes ocurridos en aceras de carreteras estatales. El que los municipios tengan dicha inmunidad **no es sinónimo** de que el ELA será responsable por los daños causados por su negligencia o falta de mantenimiento.

Además, es de suma importancia que aun cuando el MSJ goza de inmunidad estatutaria, dicha inmunidad no se extiende a MAPFRE. El Código de Seguros de Puerto Rico es claro en cuanto a que **todas las pólizas de seguro deberán disponer que el asegurador no podrá aducir la defensa de inmunidad gubernamental en ninguna acción incoada contra el asegurador con arreglo a dicha póliza o en virtud de la misma.**

En consecuencia, MAPFRE le responde a la parte demandante por la acción presentada en su contra de manera directa e independiente. (Énfasis provisto).

(...)

Celebrada la vista de Conferencia Inicial[18], el foro recurrido ordenó a la peticionaria a presentar una réplica a la oposición de solicitud de sentencia sumaria con relación a la inmunidad del asegurado y la responsabilidad de la aseguradora[19]. En cumplimiento con lo anterior, el 5 de mayo de 2025, la peticionaria presentó *Moción en Cumplimiento de Orden y Réplica*[20]. En esta, argumentó que no podría responder legalmente ante la recurrida si

---

[16] Apéndice 37 del recurso de *Certiorari.*
[17] Apéndice 41 del recurso de *Certiorari.*
[18] Apéndice 45 del recurso de *Certiorari.*
[19] Apéndice 46 del recurso de *Certiorari.*
[20] Apéndice 50 del recurso de *Certiorari.*

su asegurado no tenía jurisdicción ni deber alguno sobre la Avenida Ponce De León.

El 8 de mayo de 2025[21], el TPI emitió una *Sentencia Parcial* mediante la cual desestimó la causa de acción en contra del Municipio de San Juan, aceptando que la Avenida Juan Ponce de León y sus aceras eran jurisdicción del ELA. Sin embargo, mantuvo vigente la causa de acción contra su aseguradora Mapfre, bajo el fundamento de que la inmunidad del Municipio de San Juan no se extendía a su aseguradora. Inconforme con la determinación, el 27 de mayo de 2025, la peticionaria sometió una *Moción de Reconsideración*[22] en la cual alegó que:

(...)

> [A]usente en este caso póliza emitida por MAPFRE a favor de la entidad estatal que ostenta la jurisdicción del lugar del accidente y siendo un hecho determinado por este Honorable el Tribunal que: La Avenida Ponce De León es una carretera estatal PR-25; y que no existe convenio entre el Estado Libre Asociado de Puerto Rico y el Municipio de San Juan, en el que el segundo asuma responsabilidad por incidentes ocurridos en la Ave. Ponce De León. Procede sin más la desestimación de la demanda en cuanto a MAPFRE, ausente responsabilidad del MSJ.

(...)

En respuesta, el 31 de mayo de 2025[23], la señora Collazo Rivera se opuso a la reconsideración presentada por Mapfre y arguyó que, no es que el Municipio de San Juan no tiene responsabilidad por los hechos alegados, sino que le asiste una defensa que le otorga inmunidad, y que esa inmunidad del Municipio le está vedado a Mapfre levantarla ni beneficiarse de ella, porque es una defensa personalísima no transferible del asegurado a la aseguradora. Luego de ciertas mociones y réplicas, el 13 de junio de 2025, el TPI emitió

---

[21] Notificada el 9 de mayo de 2025.
[22] Apéndice 60 del recurso de *Certiorari*. Cabe señalar que, la *Moción de Reconsideración* se presentó fuera del término dispuesto por la Regla de las de Procedimiento Civil, 32 LPRA Ap. V, R.47., no obstante, el TPI la acogió y dispuso de ella.
[23] Apéndice 62 del recurso de *Certiorari*.

y notificó una *Resolución*[24] en la cual declaró *No Ha Lugar* la reconsideración presentada por la peticionaria.

Insatisfecha aun, Mapfre compareció ante este foro mediante escrito de *Certiorari* y planteó los siguientes señalamientos de error:

> Primer Error: Erró al TPI al determinar que en el presente caso subsisten controversias relevantes respecto a la responsabilidad sustantiva del Municipio, estableciendo que existe evidencia en el expediente que apunta a que la acera en la que ocurrió el alegado accidente se encuentra dentro de una travesía municipal y, por tanto, su mantenimiento estaría a cargo del Municipio conforme a la Ley Núm. 49 de 1 de diciembre de 1917 (9 L.P.R.A. § 12), cuando dicha ley fue derogada tácitamente por el Código Municipal.

> Segundo Error: Erró el TPI al determinar que MAPFRE debe permanecer en el pleito mediante acción directa a pesar de haberse decretado la inexistencia de una causa de acción contra su asegurado, aplicando incorrectamente las disposiciones del Código de Seguros.

> Tercer Error: Erró el TPI al determinar que no procede extender la inmunidad del municipio como defensa en la acción directa contra la aseguradora, a pesar de la ausencia clara de responsabilidad legal de su asegurado.

Mediante *Resolución*[25] emitida el 16 de julio de 2025, concedimos a la recurrida un término de diez (10) días para expresarse en torno a la expedición del auto de *certiorari*. En cumplimiento con lo anterior, el 28 de julio de 2025, la señora Collazo Rivera compareció mediante escrito intitulado *Desestimación por Falta de Jurisdicción y Oposición Certiorari*.

Además, el 5 de agosto de 2025, compareció el ELA por conducto de la Oficina del Procurador General de Puerto Rico mediante *Alegato del Estado*. En este, solicitó que se confirmara el dictamen recurrido, toda vez que, Mapfre no gozaba de inmunidad municipal. Además, ese mismo día presentó *Solicitud de autorización para presentar el alegato del estado en exceso de páginas*, la cual declaramos Ha Lugar.

Así pues, con el beneficio de la comparecencia de las partes, procedemos a resolver.

---

[24] Apéndice 72 del recurso de *Certiorari*.
[25] Notificada en igual fecha.

## II.

### -A-

El auto de *Certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil[26] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[27]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[28]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[29].

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[30]. No obstante, la Regla 52.1, *supra*, faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o

---

[26] 32 LPRA Ap. V, R. 52.1.
[27] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).
[28] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).
[29] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[30] *García v. Padró*, 165 DPR 324, 334-335 (2005); *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 180 (1992).

peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión[31].

[…]

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones[32], para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir un auto de *Certiorari*, este Tribunal debe tomar en consideración los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, para ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios antes enumerados, se justifica nuestra intervención, pues distinto al recurso de apelación, este tribunal posee discreción para expedir el auto de *Certiorari*[33]. Por supuesto, esta discreción no opera en el vacío y en ausencia de parámetros que la dirijan[34].

---

[31] 32 LPRA Ap. V, R. 52.1.
[32] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).
[33] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[34] *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

**-B-**

La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil[35] "es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra"[36]. La citada regla dispone que la parte demandada puede presentar una moción de desestimación en la que alegue las defensas siguientes:

(1) falta de jurisdicción sobre la materia;
(2) falta de jurisdicción sobre la persona;
(3) insuficiencia del emplazamiento;
(4) insuficiencia del diligenciamiento del emplazamiento;
(5) dejar de exponer una reclamación que justifique la concesión de un remedio;
(6) dejar de acumular una parte indispensable[37].

Al resolver una moción de desestimación bajo la Regla 10.2 (5), *supra,* los tribunales deberán tomar "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas"[38]. La norma que impera es que "tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante"[39].

Por lo tanto, "al examinar la demanda para resolver este tipo de moción se debe ser sumamente liberal y 'únicamente procedería [desestimar] cuando de los hechos alegados no podía concederse remedio alguno a favor del demandante'"[40]. Además, "[t]ampoco procede la desestimación, si la demanda es susceptible de ser enmendada"[41]. Nuestro máximo foro judicial ha expresado que al examinar una moción de este tipo "**debemos considerar, 'si a la luz de la situación más favorable al demandante, y resolviendo toda**

---

[35] 32 LPRA Ap. V, R. 10.2.
[36] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428 (2008).
[37] 32 LPRA Ap. V, R. 10.2(5).
[38] *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra*, pág. 428.
[39] *Íd.,* págs. 428-429.
[40] *Colón Rivera v. ELA*, 189 DPR 1033, 1049 (2013), que cita a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231.
[41] *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra,* pág. 429.

**duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'"**[42]. (Énfasis nuestro).

En síntesis, el Tribunal debe aceptar como ciertos todos los hechos que hayan sido bien alegados en la demanda y excluir de sus análisis conclusiones legales. Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. Si de este análisis el tribunal entiende que no se cumple con el estándar de plausibilidad entonces debe desestimar la demanda, pues no debe permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba[43].

El doctor Cuevas Segarra nos comenta que el Tribunal Supremo de Puerto Rico explicó de forma acertada en *Reyes v. Sucn. Sánchez Soto*, 98 DPR 305, 309 (1970), lo siguiente:

> El texto de la actual Regla es aun más favorable para un demandante, ya que la moción para desestimar no ha de considerarse s[o]lo a la luz de una causa de acción determinada y sí a la luz del derecho del demandante a la *concesión de un remedio*, cualquiera que [e]ste sea. En vista de ello, las expresiones que hicimos en el caso de *Boulon*, particularmente la de que una demanda no debe ser desestimada por insuficiencia, **a menos que se desprenda con toda certeza que el demandante no tiene derecho a *remedio alguno* bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación**, tienen aun mayor virtualidad [...]. (Énfasis nuestro)

Para que el demandado prevalezca al presentar una moción de desestimación al amparo de la Regla 10.2 (5), *supra,* "debe establecer con toda certeza que el demandante **no tiene derecho a remedio alguno bajo cualquier estado de derecho** que pueda ser probado en apoyo a su reclamación, aun interpretando la demanda de la forma más liberal posible a su favor"[44]. (Énfasis nuestro). Sin embargo, esto último "se aplica solamente a los hechos bien

---

[42] *Íd.* que cita a *Pressure Vessels P.R. v. Empire Gas P.R.*,137 DPR 497 (1994); *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991).
[43] R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis, 2010, pág. 268.
[44] *Íd.,* pág. 530.

alegados y expresados de manera clara y concluyente que de su faz no den margen a dudas"[45].

Por último, cabe mencionar que se plantea que cuando se presenta una moción de desestimación bajo la Regla 10. 2(5), *supra,* **"[l]a controversia no es si el demandante va finalmente a prevalecer, sino, si tiene derecho a ofrecer prueba que justifique su reclamación, asumiendo como ciertos los hechos [correctamente] alegados en la demanda."**. (Énfasis nuestro). Así pues, al analizarse una moción de desestimación presentada tras una demanda "el tribunal debe concederle el beneficio de cuanta inferencia sea posible de los hechos alegados en dicha demanda"[46].

### -C-

El mecanismo procesal de la sentencia sumaria surge de la Regla 36 de Procedimiento Civil[47]. Por medio de este mecanismo, una parte puede solicitar que el tribunal que dicte sentencia sumaria de la totalidad de la reclamación o de parte de esta[48]. Sin embargo, la sentencia sumaria solo está disponible para la disposición de aquellos casos que sean claros; cuando el tribunal tenga ante sí la verdad de todos los hechos esenciales alegados en la demanda; y que solo reste por disponer las controversias de derecho existentes[49].

Por su parte, el promovente de una sentencia sumaria deberá establecer, mediante declaraciones juradas o con prueba admisible en evidencia, que no existe controversia real respecto a hechos materiales de la controversia[50]. Por hechos materiales se entienden aquellos que pueden afectar el resultado de una reclamación de acuerdo con el derecho sustantivo[51].

---

[45] Cuevas Segarra, *op. cit.*, pág. 529.
[46] *Íd.,* pág. 532.
[47] 32 LPRA Ap. V, R. 36.
[48] *Vera v. Dr. Bravo,* 161 DPR 308, 332 (2004).
[49] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 911-912 (1994).
[50] *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 110 (2015).
[51] *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010).

En contraste, el oponente a la moción de sentencia sumaria está obligado a establecer que existe una controversia que sea real por lo cual cualquier duda es insuficiente para derrotar una solicitud de sentencia sumaria[52]. En efecto, la duda debe ser tal que permita concluir que existe una controversia real y sustancial sobre los hechos materiales[53]. De esta manera, la parte promovida debe puntualizar los hechos propuestos que pretende controvertir, haciendo referencia a la prueba específica que sostiene su posición[54]. Es decir, "la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa"[55]. No puede descansar en meras aseveraciones o negaciones de sus alegaciones, sino que debe proveer contradeclaraciones juradas y documentos que sustenten los hechos materiales en disputa[56].

Entretanto, la Regla 36.3 de Procedimiento Civil establece el procedimiento para la consideración de la moción de sentencia sumaria, así como el contenido de la moción y de la contestación de la parte promovida[57]. Respecto a la moción solicitando que se dicte una sentencia sumaria, la Regla 36.3 (a) de Procedimiento Civil dispone que la misma tiene que desglosar lo siguiente:

(1) una exposición breve de las alegaciones de las partes;
(2) los asuntos litigiosos o en controversia;
(3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;
(4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;
(5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y
(6) el remedio que debe ser concedido[58].

---

[52] *Meléndez González et al. v. M. Cuebas, supra,* pág. 110.
[53] *Íd.*
[54] *León Torres v. Rivera Lebrón,* 204 DPR 20, 44 (2020).
[55] *Íd.,* pág. 44.
[56] *Ramos Pérez v. Univisión, supra*, págs. 215-216.
[57] 32 LPRA Ap. V, R. 36.3.
[58] 32 LPRA Ap. V, R. 36.3 (a).

Por otra parte, la Regla 36.3 (b) de Procedimiento Civil dispone que la contestación a la moción de sentencia sumaria debe contener, además de los sub incisos (1), (2) y (3) del inciso (a): una relación de los hechos esenciales y pertinentes que están en controversia, con referencia a los párrafos enumerados por la parte promovente y con indicación de la prueba en la que se establecen esos hechos; una enumeración de los hechos que no están en controversia; y las razones por las cuales no se debe dictar la sentencia, argumentando el derecho aplicable[59]. Asimismo, cuando se presente una solicitud de sentencia sumaria conforme a la Regla 36 de Procedimiento Civil, *supra,* "la parte contraria no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica como lo haya hecho la parte promovente. De no hacerlo así, se dictará la sentencia sumaria en su contra si procede"[60].

Igualmente, la Regla 36.3 de Procedimiento Civil[61], dispone que:

[…]

(e) La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que como cuestión de derecho el tribunal debe dictar sentencia sumaria a favor de la parte promovente.

[…]

Como mencionamos anteriormente, la parte promovente de una solicitud de sentencia sumaria está obligada a establecer, mediante prueba admisible en evidencia, la inexistencia de una controversia real respecto a los hechos materiales y esenciales de la acción. Además, deberá demostrar que, a la luz del derecho

---

[59] 32 LPRA Ap. V, R. 36.3 (b).
[60] 32 LPRA Ap. V, R. 36.3 (c).
[61] 32 LPRA Ap. V, R. 36.3 (e).

sustantivo, amerita que se dicte sentencia a su favor[62]. Para que tal sea el resultado, viene llamado a desglosar, en párrafos numerados, los hechos respecto a los cuales aduce que no existe disputa alguna. Una vez expuestos, debe especificar la página o párrafo de la declaración jurada u otra prueba admisible que sirven de apoyo a su contención[63]. **Cuando de las propias alegaciones, admisiones o declaraciones juradas, surge una controversia bonafide de hechos, la moción de sentencia sumaria resulta ser improcedente. Ante ello, el tribunal competente debe abstenerse de dictar sentencia sumaria en el caso y cualquier duda en su ánimo, lo debe llevar a resolver en contra de dicha solicitud[64].**

El Tribunal Supremo de Puerto Rico ha expresado en varias ocasiones que la sentencia sumaria es un remedio extraordinario y discrecional que solo se debe conceder cuando no existe una controversia genuina de hechos materiales y lo que resta es aplicar el derecho[65]. En términos generales, al dictar sentencia sumaria, el tribunal deberá hacer lo siguiente:

(1) analizar los documentos que acompañan la solicitud de sentencia sumaria y los que se incluyen con la moción en oposición, así como aquellos que obren en el expediente del tribunal;

(2) determinar si el oponente de la moción controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos[66].

Analizados estos criterios, el tribunal no dictará sentencia sumaria cuando: "(1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) **surja de los propios documentos que**

---

[62] *Rodríguez García v. UCA*, 200 DPR 929 (2018), Ramos Pérez v Univisión, 178 DPR 200 (2010), *Sucn. Maldonado v. Sucn. Maldonado,* 166 DPR 154, (2005); *Vera v Dr. Bravo, supra.*

[63] 32 LPRA Ap. V, R. 36.3 (a)(4); *Roldán Flores v. M. Cuebas, et al.*, 199 DPR 664, (2018); *SLG Zapata-Rivera v. J.F.,* 189 DPR 95 (2013).

[64] *Vera v Dr. Bravo, supra*; *Mgmt. Adm. Servs., Corp. v. ELA*, 152 DPR 599 (2000).

[65] *Maldonado v. Cruz*, 161 DPR 1, 39 (2004).

[66] *Vera v. Dr. Bravo, supra*, 334.

**acompañan la moción una controversia real sobre algún hecho material y esencial**, o (4) como cuestión de derecho, no proceda"[67]. La sentencia sumaria se puede dictar a favor o en contra de la parte que la solicita, según proceda en Derecho[68].

Por tratarse de un remedio discrecional, el uso del mecanismo de sentencia sumaria tiene que ser mesurado y solo procederá cuando el tribunal quede claramente convencido de que tiene ante sí documentos no controvertidos[69]. De tal manera, solo procede dictar sentencia sumaria cuando surge claramente que el promovido por la moción no puede prevalecer bajo ningún supuesto de hechos y que el tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia[70]. Cuando no existe una clara certeza sobre todos los hechos de la controversia, no procede una sentencia sumaria[71]. Cualquier duda sobre la existencia de una controversia sobre los hechos materiales, debe resolverse contra la parte promovente[72]. Toda inferencia que se haga a base de los hechos y documentos que obren en los autos, debe tomarse desde el punto de vista más favorable al que se opone a la solicitud de sentencia sumaria[73]. Así pues, tomando en consideración que la sentencia sumaria es un remedio de carácter discrecional, "[e]l sabio discernimiento es el principio rector para su uso porque, mal utilizada, puede prestarse para despojar a un litigante de 'su día en corte', principio elemental del debido proceso de ley"[74].

Es importante mencionar que, este Tribunal utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar

---

[67] *Íd.*, págs. 333-334; *Acevedo Arocho v. Depto. Hacienda y otros*, 212 DPR 335, 336 (2023).
[68] *Maldonado v. Cruz, supra*, pág. 39.
[69] *Vera v. Dr. Bravo, supra*, pág. 334.
[70] *Nieves Díaz v. González Massas*, 178 DPR 820, 848 (2010).
[71] *Metrop. de Préstamos v. López de Victoria*, 141 DPR 844 (1996).
[72] *Rosario v. Nationwide Mutual*, 158 DPR 775, 780 (2003) citando a *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 575 (1997).
[73] *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 610- 611 (2000).
[74] *Roig Com. Bank v. Rosario Cirino*, 126 DPR 613, 617 (1990).

si procede una moción de sentencia sumaria[75]. Por consiguiente, los criterios que este foro intermedio debe tener presentes al atender la revisión de una sentencia sumaria son los siguientes:

> (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil y la jurisprudencia le exigen al foro primario;
>
> (2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36;
>
> (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos;
>
> (4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia[76].

Finalmente, y como norma general, si la moción procede en derecho, el tribunal debe dictar la sentencia sumaria "a favor del promovente si la parte contraria no responde de forma detallada y específica a una solicitud debidamente formulada"[77]. Si el Tribunal de Primera Instancia considera que no procede dictar sentencia sumaria en el caso que tiene ante sí, o que no procede conceder ese remedio en su totalidad, es obligatorio que cumpla con lo expuesto en la Regla 36.4 de las de Procedimiento Civil[78], la cual dispone que:

> Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la misma, y es necesario celebrar juicio, **será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia.** Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad. (Énfasis nuestro).

---

[75] *Vera v. Dr. Bravo, supra*, pág. 334.
[76] *Roldan Flores v. M Cuebas*, 199 DPR 664, 679 (2018).
[77] *SLG Zapata-Rivera v. J. F. Montalvo*, 189 DPR 414, 432 (2013).
[78] 32 LPRA Ap. V, R. 36.4.

En conclusión, es menester consignar los hechos que, a juicio del TPI, están en controversia y aquellos que no lo están para entender cuáles son los hechos que impiden que se dicte la sentencia sumaria en su totalidad.

**-D-**

El negocio de seguros se encuentra revestido de un alto interés público por el rol vital que juega esa industria en la sociedad y economía[79]. Como consecuencia, este tipo de empresa está ampliamente regulada por el estado. Primordialmente, se encuentra regulado por la Ley Núm. 77 del 19 de junio de 1957, según enmendada, mejor conocida como el Código de Seguro de Puerto Rico[80] (Código de Seguros). En particular, el Artículo 11.140 del Código de Seguros[81], dispone que la póliza es el instrumento donde se deja por escrito un contrato de seguros y se articulan los riesgos que cubre el seguro, las exclusiones y todas las condiciones de este. Por su parte, el contrato de seguros es uno mediante el cual una persona se obliga a indemnizar a otra, pagarle o a proveerle un beneficio específico o determinable al producirse un suceso incierto previsto en la obligación[82]. En este tipo de contrato, la parte asegurada transfiere el riesgo a la compañía aseguradora a cambio de una prima y surge una obligación por parte de esta de responder por los daños económicos que sufra la asegurada en caso de ocurrir el evento específico[83].

Pertinente a la controversia que nos ocupa, el Artículo 20.050 del Código de Seguros[84] dispone que: **"[t]odas dichas pólizas de seguro deberán disponer que el asegurador no podrá aducir la**

---

[79] *Carrasquillo Pérez et al. v. Asociación y/o Consejo de Titulares del Condominio Parque 352 et al.*, 2024 TSPR 101, 214 DPR ___ (2024); *W.M.M., P.F.M. et al. v. Colegio et al.*, 211 DPR 871 (2023); *OCS v. Universal*, 187 DPR 164, 174 (2012).
[80] 26 LPRA sec. 101 *et seq.*
[81] 26 LPRA sec. 1114.
[82] Art. 1.020 del Código de Seguros, 26 LPRA sec. 102.
[83] *Barreto Nieves et al. v. East Coast*, 213 DPR 852 (2024).
[84] 26 LPRA sec. 2004.

**defensa de inmunidad gubernamental en ninguna acción incoada contra el asegurador con arreglo a dicha póliza o en virtud de la misma"**. (Énfasis nuestro). Esta normativa responde a un diseño legislativo que persigue proteger al perjudicado y garantizar su acceso a una indemnización hasta el límite de la cubierta provista por la póliza.

**III.**

En el caso de epígrafe, en apretada síntesis, la peticionaria arguyó que el foro recurrido erró al *declarar No Ha Lugar* la *Moción Reiterando Solicitud de Desestimación y/o de Sentencia Sumaria.*

De acuerdo con el marco jurídico antes reseñado, la Regla 52.1 de Procedimiento Civil, *supra*, nos faculta la revisión de resoluciones dictadas por el TPI, a manera de excepción cuando, entre otras instancias, se recurre de la denegatoria de una moción de carácter dispositivo. La *Moción Reiterando Solicitud de Desestimación y/o de Sentencia Sumaria* por la peticionaria, es una moción de carácter dispositivo, cuya denegatoria por el foro recurrido es revisable ante este Tribunal de Apelaciones mediante recurso de *Certiorari.*

No obstante, es preciso recalcar que nuestra discreción no se ejerce en el vacío. La Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* establece los criterios para nosotros determinar si debemos ejercer nuestra facultad discrecional revisora.

Así pues, evaluado el recurso de *Certiorari* aquí presentado por Mapfre junto a la *Sentencia Parcial* recurrida, bajo los parámetros de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* somos del criterio que procede denegar la expedición del auto de *Certiorari.* Colegimos que, en la *Sentencia Parcial* recurrida no medió prejuicio, parcialidad o error craso y

manifiesto por parte del TPI[85]. Lo cierto es que, no está presente ninguno de los criterios de la Regla 40 de nuestro Reglamento, *supra*, que mueva nuestra discreción para intervenir con el dictamen recurrido.

No identificamos que el foro primario haya actuado de manera arbitraria, caprichosamente o que hubiese abusado de su discreción al emitir la resolución recurrida. Tampoco nos encontramos ante una situación que amerite nuestra intervención para evitar un fracaso de la justicia. Por tanto, al amparo de los criterios que guían nuestra discreción, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. En consecuencia, procede denegar la expedición del auto de *Certiorari* solicitado por la parte peticionaria.

**IV.**

De conformidad con los fundamentos antes expresados, los que hacemos formar parte de este dictamen, ***denegamos*** la expedición del recurso de *Certiorari* presentado.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[85] Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).